# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

FELICIA BARGAR *ex rel.*  )
BEVERLY ANN BARGAR,        )
                           )
      Plaintiff,        )
                           )
v.                         )   Case No. CIV-16-54-SPS
                           )
NANCY A. BERRYHILL,        )
Acting Commissioner of the Social )
Security Administration,[1] )
                           )
      Defendant.        )

## OPINION AND ORDER

The claimant Felicia Bargar ex rel. Bevery Ann Bargar requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn W. Colvin as the Defendant in this action.

Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born January 25, 1960, and was fifty-two years old on her alleged disability onset date, and fifty-five years old on the date of her death (Tr. 217, 1229). She has a college degree in criminal justice, and has worked as a social service aide, mental health aide, hand cutter, and construction worker (Tr. 44, 298, 1068, 1071-1072). The claimant alleges that she has been unable to work since an amended onset date of November 16, 2012, due to spinal fusion, heart problems, depression, anxiety, and pain (Tr. 244, 297).

**Procedural History**

On September 12, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and on September 18, 2012, she applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 217-26). Her applications were denied. ALJ Doug Gabbard, II conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated May 15, 2014 (Tr. 11-32). The Appeals Council denied review, but this Court granted the Commissioner's Unopposed Motion to Reverse and Remand in Case No. CIV-14-346-SPS, and remanded the case for further proceedings on March 25, 2015 (Tr. 1077-81). On remand, ALJ Luke Liter

conducted an administrative hearing and found that the clamant was disabled beginning July 25, 2014, in a decision dated December 16, 2015 (Tr. 1033-51). The Appeals Council denied review, so the ALJ's July 2014 opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), *i. e.,* she could lift/carry/push/pull twenty pounds occasionally and ten pounds frequently; sit/stand/walk for six hours out of an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; could not tolerate even moderate exposure to extreme cold and extreme heat; could never be exposed to fumes, odors, dusts, gases, or poor ventilation; and was limited to simple tasks (defined as unskilled work with a specific vocational preparation of one or two) (Tr. 1038). The ALJ concluded that prior to July 25, 2014, although the claimant was unable to perform her past relevant work, there was work in the national economy that she could perform, *i. e.,* mail clerk, bench assembler, and production inspector (Tr. 1049-50). On July 25, 2014, the claimant's age category changed, leading to a finding that the claimant was disabled on that date according to Medical-Vocational Rule 202.06, *i. e.,* "the Grids." Thus, the ALJ found that the claimant was not disabled prior to July 25, 2014, but became disabled on that date and remained disabled until her death on January 21, 2015 (Tr. 1049-51). The claimant appeals that portion of the ALJ's opinion finding her not disabled prior to July 25, 2014.

## Review

The claimant contends that the ALJ erred by failing to properly: (i) account for her need to lie down flat, alternately sit/stand, and use her nebulizer during the workday; and (ii) analyze her credibility. The Court agrees that the ALJ did not properly evaluate the claimant's subjective statements, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of status post lumbar fusion, generalized anxiety disorder, major depressive disorder, and chronic obstructive pulmonary disease, but that her hyperlipidemia and hypertension were non-severe (Tr. 1036-37). The relevant medical records reveal that the claimant injured her back in March 2009 and underwent two back surgeries (Tr. 456-76, 551-63). On July 14, 2009, Dr. Mangels performed a posterior lumbar decompression and fusion at L5-S1, and removed a large disk herniation at L5-S1 (Tr. 461-69). On January 7, 2011, Dr. Mangels removed the hardware placed in July 2009 because the claimant remained symptomatic despite a solid fusion (Tr. 551-61, 586-99). Dr. DeLia managed the claimant's medications for hypothyroidism, chronic low back pain, restless leg syndrome, neuropathic pain, insomnia, asthma, sciatica, and muscle pain between April 2011 and January 2013 (Tr. 922-42). On March 26, 2013, the claimant established care with Dr. Rogow, who managed her medications for lumbar disc disease with radiculopathy, depression, anxiety, hypothyroidism, and hypertension through December 2013 (Tr. 913-18, 955-56).

At the first administrative hearing on April 17, 2014, the claimant testified as to her past work history, her impairments, and her medical treatment (Tr. 39-82). She stated she could lift fifteen to twenty pounds; occasionally climb, balance, stoop, kneel, crouch, and crawl; needed to avoid exposure to extreme temperatures and other pulmonary irritants; and could perform simple work (Tr. 59-60). The claimant then stated that she could work a full day if she were permitted to alternate between sitting and standing every fifteen to twenty minutes and have a fifteen minute break four times per day to lie down flat (Tr. 62-63). She testified that she spends most of the day lying flat (Tr. 67). As to her chronic obstructive pulmonary disease, the claimant testified that she has two inhalers and uses a nebulizer at night, and sometimes during the day, depending on the humidity; recently stopped smoking; and experiences shortness of breath after walking on an incline for twenty-five feet (Tr. 60, 63-65).

At the most recent administrative hearing, the claimant's daughter testified that her mother died from an acute intoxication of Prozac (Tr. 1065). She also testified that between 2012 and 2015, her mother would shop for groceries once or twice per month, but otherwise mostly slept on the couch (Tr. 1066). She stated that her mother's depression became worse after she stopped working, noting she was ". . . a different person. More depressed, I guess. Just down." (Tr. 1067).

In his written opinion, the ALJ summarized the claimant's hearing testimony and the medical record. In discussing the claimant's subjective complaints, the ALJ granted "only some probative weight" to her testimony because she had a poor work record and her allegations were not entirely consistent with the medical evidence (Tr. 1040).

Specifically, he stated: (i) there was no indication in the record that the claimant had tumors on her spine, or that her doctor was contemplating placing her on oxygen; (ii) treatment notes in April 2013, June 2013, and September 2013 reflect that she was working beyond her alleged onset date; (iii) her anxiety and depression were well controlled in June 2013 and February 2014; and (iv) she reported that her pain was fairly controlled with her chronic pain medication (Tr. 1040).

At the time of ALJ Liter's 2014 opinion, the prevailing standard was that deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *See Casias*, 933 F.2d at 801. Further, an ALJ could disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (*superseded by* Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (effective Mar. 28, 2016)). The standard for evaluating credibility, as noted above, was then superseded by Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016)). Regardless of which standard is applied, the ALJ's credibility determination fell below these standards.

In this case, the ALJ cited to but did not discuss the factors set forth in Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529, 416.929, and further failed to apply those factors to the evidence.[3] He was not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4 (*superseded by* Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (effective Mar. 28, 2016).

Additionally, some of the specific reasons given by the ALJ for finding the claimant's subjective complaints were not credible are not entirely supported by the record. For example, the ALJ pointed to references in the record that showed the claimant worked well beyond her alleged onset date of November 16, 2012, but ignored the claimant's testimony that she was permitted to "stretch out on [a] loveseat" three or four times per day for fifteen minutes at a time when she worked at the casino (Tr. 62-63). Additionally, the ALJ referenced a February 2014 treatment note where the claimant reported doing "fairly well" despite persistent back pain, but ignored that Dr. Rowgow found paraspinal tenderness and reduced range of motion in the claimant's lumbar spine at that same appointment (Tr. 1014). Lastly, the ALJ found there was no indication in the record that the claimant's doctor was considering placing her on oxygen, but ignored

---

[3] Under both SSR 96-7p and SSR 16-3p, the factors to consider in evaluating a claimant's subjective symptoms are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 *and* Soc. Sec. Rul. 16-3p, 2016 WL 1119029, at *7.

the claimant's testimony that she saw her doctor on the Thursday before her hearing (Tr. 60). Further examination of such "perceived" inconsistencies indicates that the ALJ only cited evidence favorable to his foregone conclusions and ignored evidence that did not support them. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

In light of the fact that the ALJ's failure to consider the relevant factors is erroneous under both Soc. Sec. Rul. 96-7p and Soc. Sec. Rul. 16-3p, the Court finds that remand for analysis under the new guidance is advisable. *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) ("Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision.") (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007).

Because the ALJ failed to analyze the claimant's credibility in accordance with *Kepler* and *Hardman*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis under the appropriate standard. On remand, the ALJ should properly analyze the claimant's credibility pursuant to Soc. Sec. Rul. 16-3p, and if such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work she can perform, if any, and whether she is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 27th day of September, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**